UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOEL D. PRICKETT,
    *Petitioner*,

v.

STOVER, Warden FCI Danbury,
    *Respondent*.

No. 3:23-cv-00459 (JAM)

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Joel Prickett is a federal prisoner at FCI Danbury, and he has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. In Prickett's view, he has accumulated enough programming credits pursuant to the First Step Act (FSA) to be released from imprisonment. The respondent Warden of FCI Danbury objects on the ground that Prickett has miscalculated the number of days he has earned against his sentence and on the ground that he has yet to serve enough time in prison for any of his credits to be applied. Because the Warden is right, I will deny Prickett's petition for a writ of habeas corpus.

**BACKGROUND**

Prickett is currently serving a 160-month sentence at FCI Danbury in Connecticut.[1] He is projected to be released on January 31, 2027.[2]

Prickett seeks the benefit of the First Step Act, a 2018 law that allows certain federal prisoners to earn time off their sentences by participating in "Evidence-Based Recidivism Reduction Programs" or "Productive Activities." *See generally* First Step Act of 2018, Pub. L. No. 115-391. The FSA became effective on December 21, 2018. *Id.* at 132 Stat. 5194. Between that date and May 28, 2023, Prickett earned 1,571 program days (or four years and 111 days).[3]

---

[1] Doc. #2 at 1; Doc. #9 at 1, 3.
[2] Doc. #9-2 at 2 (¶ 6); Doc. #11 at 4.
[3] *See* Doc. #9-4 at 1; Doc. #11 at 1, 8. In his initial filing, Prickett alternatively asserted that he had accumulated

1

## DISCUSSION

Section 2241 affords relief only if the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A petition filed pursuant to § 2241 may be used to challenge the execution of a prison sentence. Thus, § 2241 petitions are appropriately used to challenge conditions of confinement or sentence calculations. *See Levine v. Apker*, 455 F.3d 71, 78 (2d Cir. 2006); *Lallave v. Martinez*, 635 F. Supp. 3d 173, 181, 190 (E.D.N.Y. 2022) (awarding FSA credits via a § 2241 petition).

The FSA permits certain eligible prisoners to earn "10 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities." 18 U.S.C. § 3632(d)(4)(A)(i).[4] When the time remaining on an eligible prisoner's sentence equals the number of credits earned—and only at that time—12 months (365 days) of those credits can be applied towards the prisoner's transfer into supervised release. *See* 18 U.S.C. §§ 3624(g)(1)(A), 3624(g)(3), 3632(d)(4)(C); *see also Rosales v. Pliler*, 2022 WL 16833656, at *4 (S.D.N.Y. 2022) (explaining when FSA time credits can be applied). The rest of the credits can be counted towards a transfer into prerelease custody (such as a halfway house or home confinement).[5] *See* 18 U.S.C. §§ 3624(g)(1)–(2), 3632(d)(4)(C); *Doe v. Fed. Bureau of*

---

1,047 program days or over 1,100 program days. *See* Doc. #2 at 1, 3. In his reply brief, he adopts the Warden's more favorable calculation of 1,571 days. *See* Doc. #11 at 1.

[4] A "medium risk" prisoner like Prickett can earn 10 days of time credit for every 30 days of programming. Prisoners can earn *15* days of time credits for every 30 days of program participation if they are "at a minimum or low risk for recidivating" and have not "increased their risk of recidivism" over "2 consecutive assessments." 18 U.S.C. § 3632(d)(4)(A)(ii). The parties agree, however, that Prickett is currently assessed at "medium" risk. *See* Doc. #9 at 5; Doc. #11 at 1.

[5] Prickett will only be able to count FSA credits towards supervised release if he can show through his regular risk assessments either (1) a "recidivism risk reduction" or (2) that he "has maintained a minimum or low recidivism risk, during [his] term of imprisonment." 18 U.S.C. § 3624(g)(1)(B). In addition, he can only use his FSA credits towards prerelease custody if he has been determined to be "a minimum or low risk to recidivate pursuant to the last 2 reassessments" or the prison warden determines that he "has made a good faith effort to lower their recidivism risk through participation in recidivism reduction programs or productive activities." 18 U.S.C. § 3624(g)(1)(D)(i). It appears that Prickett has already managed to reduce his recidivism risk from high to medium. Doc. #9-4 at 2. To maximize his chances of applying his FSA credits at the earliest possible date, he needs to further reduce that risk to minimum/low. I am aware of Prickett's contention in his reply brief that FCI Danbury is unfairly refusing to lower

*Prisons*, 2024 WL 455309, at *1-2 (S.D.N.Y. 2024). Thus, "the [FSA] provides that a prisoner is eligible to have earned time credits applied for earlier release to prerelease custody only when he has earned time credits that equal the remainder of his sentence." *Milchin v. Warden*, 2022 WL 1658836, at *3 (D. Conn. 2022).

Although Prickett has at least 1,571 days of programming, he has nowhere near enough time credits to change his custody status. Prickett appears to be assuming that the FSA gives him one day of *time* credit for each day of *program* credit.[6] That is a misunderstanding. Instead, as discussed above, he gets 10 days of time credit for every 30 program days. So rather than 1,571 days of credit against his sentence, Prickett had about a third as many—520 days—as of May 28, 2023.[7] Even accounting for the nearly ten months that have elapsed since then, he has accumulated at most 620 days of credit. Because there are far more than 620 days between now and the projected end of Prickett's sentence on January 31, 2027, he is not yet entitled to an award of his credits.

### CONCLUSION

The Court DENIES without prejudice Prickett's petition for writ of habeas corpus. The Clerk of Court shall close this case.

It is so ordered.

Dated at New Haven this 26th day of March 2024.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge

---

his risk status. *See generally* Doc. #11 at 1-2. But a change in his current risk status would not affect the outcome of this case. As a result, I cannot address that issue here.

[6] *See* Doc. #2 at 3 (arguing "Mr. Prickett has over 1100 days of time credits accumulated" and "Mr. Prickett's FSA time credit assessment should be reading 365 day[s] towards release, 365 days towards RRC (halfway house) and the rest on Home confinement, which if calculated right would put Mr. Prickett out the door").

[7] Doc. #9 at 3.